UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 27 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

THOMAS HACKNEY,

    Plaintiff(s),

vs.

PENHALL COMPANY,

    Defendant.

CASE NO.:

**1 12-CV-1460**

SCJ

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, THOMAS HACKNEY (hereinafter referred to as the "Plaintiff"), by and through undersigned counsel, and sues the Defendant, PENHALL COMPANY (hereinafter referred to as the "Defendant"), and alleges as follows:

### INTRODUCTION

1.     This is an action by the Plaintiff against his former employer for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57,

Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

4. Defendant is a corporation with headquarters in California that operates and conducts business in, among others, Austell, Georgia (Cobb County); and is therefore, within the jurisdiction of this Court.

## VENUE

5. The venue of this Court over this controversy is proper based upon the claim arising in Austell, Georgia (Cobb County).

## COVERAGE

6. At all material times relevant to this action (2010-2012), Defendant, PENHALL COMPANY, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

7. At all material times relevant to this action (2010-2012), Defendant, PENHALL COMPANY, made gross earnings of at least $500,000 annually.

8. At all material times relevant to this action (2010-2012), Defendant, PENHALL COMPANY, accepted payments from customers based on credit cards issued by out of state banks.

9. At all material times relevant to this action (2010-2012), Defendant, PENHALL COMPANY, routinely ordered materials or supplies from out of state. (i.e. construction material and equipment). Defendant is the largest provider of concrete cutting, breaking, excavation and highway grinding services in the United States.

10. At all material times relevant to this action (2010-2012), Defendant, PENHALL COMPANY, had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. Defendant has 40 locations in 17 states and Canada. Defendant mobilizes equipment to complete projects across North America and Canada.

11. At all material times relevant to this action (2010-2012), Defendant, PENHALL COMPANY, used U.S. mail to send and receive letters to and from other states.

12. At all times relevant to this action, Defendant, PENHALL COMPANY, failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

13. Plaintiff was an employee for the Defendant from 1997 through June 2, 2011.

14. Plaintiff worked for Defendant as a "dispatcher" and performed related activities for Defendant in Cobb County, Georgia.

15. Plaintiff was a non-exempt salary paid employee during the last three years.

16. Plaintiff worked more than forty (40) hours per week during more than one week during the last three years of his employment with Defendant.

4

17. Plaintiff was classified as exempt from overtime while employed with Defendant.

18. However, Plaintiff did not supervise two or more employees while employed with Defendant.

19. Plaintiff did not have authority to hire or fire during the last three years.

20. Plaintiff did not have authority to make suggestions on hiring or firing while employed with Defendant.

21. Plaintiff was not allowed to make decisions involving matters of significance without supervisor approval when employed with Defendant.

22. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

23. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

25. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

26. During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for the same.

27. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

28. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

29. Also, Defendant failed to post required FLSA informational listings as required by law.

30. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – DECLARATORY RELIEF

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

33. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

34. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

35. Plaintiff may obtain declaratory relief.

36. Defendant employed Plaintiff.

37. Defendant is an enterprise covered by the FLSA.

38. Plaintiff was individually covered by the FLSA.

39. Defendant failed to pay Plaintiff for all hours worked.

40. Plaintiff is entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

41. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

42. Defendant did not rely upon a good faith defense.

43. Plaintiff is entitled to an equal amount of liquidated damages.

44. It is in the public interest to have these declarations of rights recorded.

45. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

46. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

47. Plaintiff demands trial by jury.

Wherefore, Plaintiff demands a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked hours over forty in a workweek without receiving correct overtime pursuant to the FLSA, Defendant failed to keep accurate time records, Defendant had a legal duty to pay Plaintiff overtime pursuant to the FLSA, Defendant failed to prove a

good faith defense, Plaintiff is entitled to overtime, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

Dated this 30th day of March, 2012.

                                    Respectfully submitted by,

                                    Deirdre M. Stephens, Esquire
                                    GABN: 678789
                                    The Law Office of Deidre M. Stephens-Johnson
                                    4567 Rockbridge Rd #1537
                                    Pine Lake, GA 30072
                                    Telephone: (404) 537-3002
                                    Facsimile: (404) 537-3003
                                    Email: dsjohnsonlaw@gmail.com
                                    Attorneys for Plaintiff

CVL/rwm
1425850